UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BERNABE NAVA AMBRIZ,<br><br>　　　　　　　Defendant. | CASE NO. CR16-5530 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Bernabe Nava Ambriz's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 443. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I.  FACTUAL & PROCEDURAL BACKGROUND

In June 2017, Nava Ambriz was charged by second superseding indictment with Conspiracy to Distribute Controlled Substances involving 500 grams or more of a mixture or substance containing a detectable amount of cocaine, 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation 21 U.S.C.

ORDER - 1

§§ 841(a)(1), 841(b)(1)(A)–(B), and 846, two counts of Distribution of Methamphetamine involving 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2, Possession with Intent to Distribute – Cocaine involving 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2, Possession with Intent to Distribute – Oxycodone, in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2, and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h). Dkt. 158.

In August 2017, Nava Ambriz plead guilty to Conspiracy to Distribute a Controlled Substance and Conspiracy to Commit Money Laundering. Dkt. 230. In October 2017, the Honorable Ronald B. Leighton[1] sentenced Nava Ambriz to 120 months incarceration. Dkt. 345. Nava Ambriz is currently housed at the Federal Correctional Institute in Oakdale, Louisiana and is scheduled to be released on May 23, 2025.

On June 16, 2021, Nava Ambriz filed a pro se motion for compassionate release. Dkt. 443. On June 30, 2021, the Government responded, Dkt. 450, and filed a motion to seal, Dkt. 451.[2] Nava Ambriz did not reply.

---

[1] This case was transferred to the undersigned in September 2020 following Judge Leighton's retirement from the federal bench. Dkt. 428.

[2] The Government asserts that the exhibit it filed in support of its opposition should remain under seal because it contains Nava Ambriz's personal information. The Court agrees and GRANTS the motion.

## II.  DISCUSSION

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;
> \*\*\*
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the

ORDER - 3

requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id*.

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> \*\*\*
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13. However, the Ninth Circuit has held that § 1B1.13 is inapplicable to defendant-initiated motions for compassionate release, joining the many circuits across the country. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) ("We agree with the persuasive decisions of our sister circuits and also hold that the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." (internal citation omitted)). *See also United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). Rather, USSG § 1B1.13 is helpful guidance to the Court when exercising its discretion.

Therefore, on a defendant-initiated motion under the First Step Act, the defendant must show that they have extraordinary and compelling reasons to warrant their release, and the Court must consider the sentencing factors under 18 U.S.C. § 3553(a).

ORDER - 4

### 1. Extraordinary and Compelling Reasons

Nava Ambriz argues that his family circumstances present extraordinary and compelling reasons warranting compassionate release. He asserts that his family "ha[s] been devastated by the global COVID-19 pandemic" and that they "continue to live in a continuous state of [] anxiety and despair." Dkt. 443 at 11. While not binding on Nava Ambriz's motion, USSG § 1B1.13 limits release for family circumstances to the death or incapacitation of the caregiver of the defendant's minor child(ren) or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver. USSG § 1B1.13, cmt. 1(C). Nava Ambriz has not provided any specific factual assertions regarding his family circumstances, and the Court is unable to evaluate whether his family situation amounts to an extraordinary and compelling reason warranting release.

Furthermore, the COVID-19 pandemic itself does not establish extraordinary and compelling circumstances. Nava Ambriz does not argue that he has a greater risk of severe illness or death because of any chronic medical conditions. More importantly, Nava Ambriz has tested positive and recovered from COVID-19 and received both doses of the Pfizer-BioNTech vaccine. *See* Sealed Dkt. 452. It is consistent with this Court's precedent to find that, absent a specific showing that the defendant himself remains especially susceptible to reinfection, a previous diagnosis of COVID-19 cuts against a finding of extraordinary and compelling reasons. *See United States v. Christensen*, No. CR18-5411 BHS, 2020 WL 5982104, at *3 (Oct. 8, 2020 W.D. Wash.). And Nava Ambriz's susceptibility to COVID-19 reinfection is nearly eliminated by vaccination.

While the science is developing around the efficacy of the vaccines against the new COVID-19 variants, the risk is significantly lowered because he has been vaccinated. The Pfizer vaccine Nava Ambriz received is 95% effective at preventing COVID-19 illness.[3]

At this time, because Nava Ambriz has already been infected and vaccinated and because he has not provided a factual basis on his family circumstances, the Court concludes that he has not established extraordinary and compelling reasons. The defendant has the burden to establish his entitlement to compassionate release. He has not met that burden. Nava Ambriz is therefore denied compassionate release without prejudice.[4]

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendant Nava Ambriz's motion for compassionate release, Dkt. 443, is **DENIED** and that the Government's motion to seal, Dkt. 451, is **GRANTED**.

Dated this 27th day of July, 2021.

BENJAMIN H. SETTLE
United States District Judge

---

[3] Centers for Disease Control and Prevention, *Pfizer-BioNTech COVID-19 Vaccine Overview and Safety*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last updated June 24, 2021)

[4] Because Nava Ambriz has not established extraordinary and compelling reasons to warrant compassionate release, the Court will not consider the § 3553(a) factors.