UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>BERNABE NAVA AMBRIZ,<br><br>                Defendant. | CASE NO. CR16-5530 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Bernabe Nava Ambriz's pro se motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Dkt. 482. Ambriz does not qualify as a zero point offender and even if he did, his original sentence is already well below the bottom of the sentencing range with the zero point offender reduction. His motion is therefore **DENIED**.

## I.  FACTUAL & PROCEDURAL BACKGROUND

In August 2017, Ambriz pled guilty to Conspiracy to Distribute a Controlled Substance and Conspiracy to Commit Money Laundering. Dkt. 230. He admitted to distributing at least 22 kilograms of methamphetamine and three kilograms of cocaine across Western Washington and Oregon. Dkt. 230 ¶ 7. The parties stipulated in the plea

ORDER - 1

agreement to a "four-level increase, pursuant to USSG § 3B1.1(a), because Defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Dkt. 230 ¶ 11.c. In October 2017, the Honorable Ronald B. Leighton[1] accepted the plea agreement's proposed sentence and sentenced Nava Ambriz to 120 months incarceration. Dkt. 345. Nava Ambriz is scheduled to be released on July 3, 2024.

Ambriz moves pro se for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Dkt. 484. Ambriz argues that he qualifies for a sentence reduction under the newly retroactive Amendment 821 which offers a two point sentence range reduction for offenders who qualify as "zero point offenders." Dkt 484 at 3–4. The Government argues Ambriz does not qualify as a zero point offender because he fails to meet the final requirement which mandates that "the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." Dkt. 487 at 5. It argues that the fact Ambriz admitted in his plea agreement that he had an aggravating role under USSG § 3B1.1(a) disqualifies him from receiving a zero point offender reduction. Dkt. 487. Ambriz subsequently filed what the Court has deemed a reply on February 22, 2024. Dkt. 488. In this filing, Ambriz largely augments his original arguments and provides more explanation of the law supporting his motion. For purposes of this order, the Court considers his February 22

---

[1] This case was transferred to the undersigned in September 2020 following Judge Leighton's retirement from the federal bench. Dkt. 428.

filing a reply. *See Haines v. Kerner,* 404 U.S. 519, 521 (1972) (pleadings by pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers").

## II.  DISCUSSION

Under 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Section 3582(c)(2) of the statute allows courts to reduce a sentence where the sentencing range for a crime has been lowered after the defendant's conviction:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). After Ambriz's conviction, the Sentencing Commission determined that "Amendment 821"[2] applies retroactively and provides a two offense-level reduction for offenders who present zero criminal history points and meet certain criteria. The new provision states:

> § 4C1.1. Adjustment for Certain Zero-Point Offenders
>
> (a) ADJUSTMENT.—If the defendant meets all of the following criteria:

---

[2] The relevant portion of Amendment 821 appears in Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, in Section 4C1.1. The Sentencing Commission adopted Amendment 821 in November, 2023.

    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;

    (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

    (3) the defendant did not use violence or credible threats of violence in connection with the offense;

    (4) the offense did not result in death or serious bodily injury;

    (5) the instant offense of conviction is not a sex offense;

    (6) the defendant did not personally cause substantial financial hardship;

    (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

    (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

    (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

    (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

*Dillon* mandates a two-step approach for district courts to follow in applying a retroactive guideline amendment such as Amendment 821 to reduce a sentence. 560 U.S. 817. At step one,

    § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, §1B1.10(b)(1)

ORDER - 4

> requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid*.
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A). . .

560 U.S. at 827. At step two,

> § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Id*. In short, the Court must first determine whether Amendment 821 would have been applicable to Ambriz at the time of his sentencing. If he qualifies for the sentence reduction, the court must still ensure that any reduced sentence is not less than the minimum of the amended guideline range. If step one is satisfied, the Court would then turn to step two and consider the applicable § 3553(a) factors and determine whether a reduction is warranted under the particular circumstances of his case.

**A.       Application of Amendments to Ambriz's Sentencing Range**

Ambriz argues that he qualifies for a sentence reduction under Amendment 821 because he is a zero-point offender and is within one year of his release date. Dkt 484 at 3–4.

ORDER - 5

1     The Government argues Ambriz does not qualify as a zero point offender because he admitted in his plea of agreement to having an aggravating role under §3B1.1 and Amendment 821 part 4C1.1(a)(10) requires that "the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." Dkt. 487 at 5. It argues that because Amendment 821 would not reduce Ambriz's sentencing range if he were sentenced today, his motion must be denied. It argues further that even if Ambriz could qualify as a zero point offender, his original sentence of 120 months is far below the new range that would apply after a two-level reduction to his offense level. *Id*. at 6. Consequently, it argues USSG §1B1.10(b)(2)(A) and *Dillon* preclude a sentence reduction. *Id*.

    The Court concludes that Ambriz does not qualify for a sentence reduction under Amendment 821. In order to qualify for the two-point reduction as a zero-point offender, he must meet all of the factors listed in § 4C1.1. Factor 10 specifically precludes the reduction for defendants who had an adjustment under §3B1.1 (Aggravating Role). Contrary to Ambriz's assertion in his "reply," Dkt. 488 at 14, he did in fact stipulate to having an aggravating role in his plea agreement when he agreed to a four-point increase "pursuant to USSG § 3B1.1" because he had an aggravating role as "an organizer or leader of a criminal activity." Dkt. 230 ¶ 11.c. This alone is fatal to his attempt to qualify for Amendment 821's zero point offender reduction. Even if he could meet all the criteria for a zero-point offender and thus receive a two-point reduction, his original sentence of 120 months is still far below the bottom range the ensuing guideline range. If Ambriz qualified as zero point offender, his new Total Offense Level would be reduced by two

1  levels to Level 37. At criminal history Category I, his new range would be 210 to 262
2  months. Both USSG §1B1.10(b)(2)(A) and *Dillon* prohibit reducing his sentence further
3  given that his original 120 months falls far below the bottom of the new guideline range.
4      Because Ambriz fails the first step of analysis under § 3582(c)(2) and *Dillon*, the
5  Court will not analyze whether a sentence reduction is congruent with the applicable §
6  3553(a) factors.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendant Bernabe Nava Ambriz's motion for sentence reduction, Dkt. 484, is **DENIED**.

Dated this 18th day of March, 2024.

                                                       BENJAMIN H. SETTLE
                                                      United States District Judge